FILED

# United States District Court

JAN 2 6 2007

__MIDDLE__ DISTRICT OF __ALABAMA__   ~~CLERK~~

U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

UNITED STATES OF AMERICA

v.

MANUEL RAYOS

CRIMINAL COMPLAINT

CASE NUMBER: 2:07mj06-CSC

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __January 25, 2007__, in __Montgomery__ county and elsewhere within the __Middle__ District of __Alabama__ defendant(s) did, (Track Statutory Language of Offense)

**knowingly and intentionally possess with intent to distribute approximately 5 kilograms or more of cocaine hydrochloride, a Schedule II Controlled Substance,**

in violation of Title __21__ United States Code, Section(s) __841(a)(1)__ I further state that I am a(n) __Drug Enforcement Administration, Special Agent__ and that this complaint is based on the following facts:
Official Title

SEE THE ATTACHED AFFIDAVIT WHICH IS INCORPORATED BY REFERENCE

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

January 26, 2007                                at     Montgomery, Alabama
Date                                                    City and State

Susan Russ Walker, U.S. Magistrate Judge               _____
Name and Title of Judicial Officer                      Signature of Judicial Officer

UNITED STATES DISTRICT
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY, ALABAMA

AFFIDAVIT IN SUPPORT OF ARREST WARRANT

I, Neill Thompson, having appeared before the undersigned United States Magistrate, and having been duly sworn, deposes and states:

I am a Special Agent with the Drug Enforcement Administration assigned to the Montgomery District Office. I have been a DEA Agent since June 1998. Prior to June 1998, I was a police officer with the Tuscaloosa Police Department for a period of approximately twelve years, with over four of those years as a narcotics detective. During the course of my career, I have written and executed numerous search and seizure warrants for narcotics, dangerous drugs, records, books, and proceeds derived as a result of this illicit activity. Further, I have arrested numerous individuals for violations of State and Federal narcotics statutes. I have attended and successfully completed training concerning narcotics trafficking, conspiracies, and money laundering methods that narcotics traffickers employ. The following information has been obtained either through personal observation or from other law enforcement officials.

1. In November 2006 the Montgomery District Office of the Drug Enforcement Administration developed a Confidential Source (CS) who stated that he was obtaining multi-kilogram quantities of cocaine from a Hispanic source of supply, known only as "Chino", who lived in Texas near the Mexican border. Agents corroborated the CS' information by recording "push-to-talk" conversations between the CS and "Chino". The CS agreed to assist law enforcement in an investigation of "Chino" by arranging a meeting in Montgomery in which "Chino" would supply the CS with a shipment of cocaine. The CS said that he had met with "Chino" previously at Henig Furs, on the Eastern Boulevard.
2. On January 25, 2007 the CS called SA Thompson and advised that "Chino" had called him (at approximately 11:00 PM the previous evening) and said that he was "on the road", meaning that he was coming to Montgomery. The CS said that "Chino" told him that he had "six", referring to six kilograms of cocaine.
3. That same date, at approximately 3:00 PM, the CS advised SA Thompson that "Chino" had called him and said that he was "forty five minutes away". SA Thompson and other agents met with the CS and equipped him with a radio transmitter and video recorder. The CS went to Henig Furs and at approximately 4:00 PM a gold GMC Yukon bearing Ohio license plates entered the business and approached the CS. The CS exited his vehicle and approached the Yukon and talked to the driver, "Chino", subsequently identified as Manuel RAYOS Jr.
4. RAYOS and the CS engaged in conversation and for approximately two minutes and

the CS told RAYOS to follow him to "do business". The CS left the business and went south on Interstate 85, with RAYOS following. Agents followed the vehicles and a marked Alabama State Trooper Unit was used to conduct a traffic stop of RAYOS' vehicle.

5. Trooper Andy Sutley executed a vehicle stop of RAYOS' vehicle and talked with RAYOS, who did not possess a valid driver's license. Trooper Sutley obtained permission to search RAYOS' vehicle and a trained narcotics detection canine utilized by Trooper Sutley was utilized in the search. The canine indicated positively for the odor of illegal drugs in the engine compartment, near the radiator. A subsequent search resulted in the seizure of six kilogram size packages of suspected cocaine. A field test on a sample of the suspected cocaine was positive for the presence of cocaine.
6. RAYOS was advised of his rights, Miranda warnings, and asked to speak to an attorney.
7. The GMC Yukon is registered to RAYOS at 1325 Livingston Avenue, Columbus, Ohio.
8. Possession of kilogram quantities of cocaine is indicative of individuals who distribute the cocaine, and not for personal possession.
9. Based on the experience and training of your affiant, it is his belief that probable cause exists to arrest Manuel RAYOS for violations of Title 21, United States Code, Section 841 (a)(1), Possession with Intent to Distribute Cocaine. Further that the events occurred within the Middle District of Alabama.

Further your Affiant sayeth naught. I swear under penalty of perjury that the forgoing is true.

NEILL THOMPSON
SPECIAL AGENT
DRUG ENFORCEMENT
ADMINISTRATION

Subscribed and sworn to before me this 26th day of January 2007.